# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTIRCT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BRIAN GEORGE, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | |
| ROCKDALE COUNTY BOARD OF ) | |
| EDUCATION AND ROCKDALE ) | |
| COUNTY PUBLIC SCHOOLS LONG ) | |
| TERM DISABILITY PLAN, ) | |
| ) | |
| DEFENDANTS. ) | |
| _____ ) | |

## **COMPLAINT**

NOW COMES Plaintiff, Brian George, and hereby files this action pursuant to ERISA 29 U.S.C. § 1132(e)(1). *et seq.* (hereinafter "ERISA"), seeking payment for back benefits. Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant 29 U.S.C. § 1132 (g)(1) and 29 U.S.C. § 1132 (a)(3). Plaintiff states the following as his Complaint in this matter:

**I.      JURISDICTION AND VENUE**

1.

The United States District Court has jurisdiction over this action as Section 502(e)(1) of ERISA provides that the district courts of the United States shall have

exclusive jurisdiction of civil actions brought by participants or beneficiaries pursuant to ERISA. 29 U.S.C. § 1132(e)(1).

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

Service of process for Rockdale County Board of Education ("Rockdale County") can be effectuated through Katrina Young, Chairperson, of the Board of Education 954 North Main Street, Conyers, Georgia 30012.

4.

Service of process for the Rockdale County Public Schools Long Term Disability Plan ("LTD Plan") can be effectuated through Katrina Young, Chairperson, of the Board of Education 954 North Main Street, Conyers, Georgia 30012.

5.

The cause of action set forth in this Complaint arose within this jurisdiction.

## II. PARTIES

6.

Plaintiff, Brian George, is an adult resident citizen of Rockdale County, Georgia.

7.

Plaintiff, for all relevant times herein, was an employee of Rockdale County and was a participant in the LTD plan.

8.

The LTD benefits are self-insured and administered by Aetna Life Insurance Company.

9.

The LTD plan is governed under the Employee Retirement Income Security Act (hereinafter, "ERISA").

## III.   FACTUAL ALLEGATIONS

10.

Plaintiff started working for Rockdale County in

11.

On or about, January 7, 2016, Plaintiff stopped working for Rockdale County. At that time, Plaintiff's occupation was one of a Maintenance Worker.

12.

The above position is a physical occupation requiring walking, standing, lifting, pushing and pulling.

13.

As a result of plaintiff's disability and inability to perform the material duties of his own occupation, plaintiff was approved for long term disability benefits from June 6, 2016 to June 5, 2018 as a result of an inability to perform his own job functions.

14.

The LTD plan defines disability as follows:

> Test of Disability - From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that:
> -You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and
> -Your earnings are 80% or less of your adjusted pre-disability earnings.
>
> After the first 24 months of your disability that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition.
>
> Important Note
> The loss of a professional or occupational license or certification that is required by your own occupation does not mean you meet the test of disability. You must meet the plan's test of disability to be considered disabled.

15.

The LTD Plan defined reasonable occupation as:

This is any gainful activity:
-For which you are, or may reasonably become, fitted by education, training, or experience; and
-Which results in, or can be expected to result in, an income of more than 60% of your adjusted predisability earnings."

The plan further states:
Adjusted Predisability Earnings- Your predisability earnings, plus any increase made on each January 1. The first increase will be made on the January 1 following a 12-month period of disability. On each January 1, the increase made will equal the
percentage increase in the Consumer Price Index, rounded to the nearest tenth to a maximum of 10%."

16.

The LTD plan provides that, if an eligible employee meets the plan's definition of disability, said employee would receive, either 60% of his/her monthly earnings less any applicable offsets.

17.

Plaintiff's diagnosis consists of, but not limited to, the following: limitations first relating to Leukemia and then due to bilateral lower extremity neuropathy/radiculapathy, lumbar degenerative disc disease and diabetes mellitus II.

18.

Plaintiff underwent a functional capacity evaluation by Maria Luela Quintal, PT, in March, 2018.  Ms. Quintal noted Plaintiff's past medical history related to his back conditions and Leukemia.

19.

It was determined during this capacity evaluation that Plaintiff could not alternately sit, stand, or walk for 8 hours even with breaks. Plaintiff experiences difficulties in normal daily activities. Regarding sitting, Mr. George was observed having discomfort and frequent weight shifting even sitting for a 30 minute period. It was noted that he could only tolerate sitting on an occasional basis.

20.

The conclusion of the FCE was that Plaintiff was not eligible for work placement, indicating that "[t]he client's medical history and neurological deficits lead to generalized poor tolerance to sitting, standing, and walking activities which makes him not eligible for work placement."

21.

Following a review of this evaluation and follow up visits with Plaintiff, Plaintiff's treating physician, Harvinder Bhatti, M.D. stated that he was in complete concurrence with this evaluation and its determination that Plaintiff is not eligible for work placement. The basis of this determination was Plaintiff's poor tolerance to sitting, standing, and walking activities

22.

Plaintiff's pain affects his ability to maintain attention and concentration in activities and work procedures. As noted in the Functional Capacity Evaluation of March, 2018, Plaintiff scored 3 out of 4 factors on the Dallas Pain Questionnaire, indicating a score above the $50_{th}$ percentile, signaling significant interference with functional activities and/or emotion aspects of the individual's life.

23.

Plaintiff's treating physician, Dr. Harvinder Bhatti, believes, for all relevant times herein, plaintiff has been unable to work at any reasonable occupation because of his medical conditions.

24.

Aetna Life Insurance Company, the claims administrator, requested to have its physicians review the records.

25.

The Plan Administrator had a doctor review the Plaintiff's medical information, but did not conduct an in person examination of Plaintiff.

26.

The Plan Administrator without an in person examination determined "that function is present for an 8 hour-day and 40 hour week with

restrictions and limitations including: Lift, carry, push, pull 10 pounds occasionally up to 1/3 of the day and 5 pounds frequently—1/3 to 2/3 of the day. Standing and walking for 10 mins at a time up to a total of two hours per day. Sitting unrestricted with the ability to alter position as needed for comfort. Twist, bend, kneel, crouch, squat, and climb stairs occasionally up to 1/3 of the day. No climbing ladders or poles, working at heights, or operating heavy machinery. No restrictions on reaching overhead at waist/desk level and below waist, fingering, handling, feeling, and grasping."

27.

The Plan Administrator noted "that the FCE from March 12, 2018, was a valid measure of function overall; however, there is no medical evidence in the documentation to indicate that prolonged sitting would place EE at risk of further injury. EE's subjective complaints of pain were consistent with the findings and were taken into account in the review and in the independent physician's opinion of functionality. No further improvement in function is expected without additional surgical intervention."

28.

Despite the findings of Plaintiffs treating physician and the FCE, Plaintiff's long-term disability claim was denied, the last denial being on January 14, 2019.

29.

Plaintiff has met ERISA's exhaustion requirement to allow this court to conduct the appropriate judicial review of the decision to deny long term disability benefits.

## COUNT ONE

30.

Plaintiff reincorporates ¶¶ 1-29 as if fully set forth herein.

31.

The decision to deny Plaintiff's long-term disability benefits was wrong.

32.

Plaintiff is owed disability benefits under the plan from June, 2018 and continuing to the present and beyond per the terms of the Long Term Disability policy.

## COUNT TWO

33.

Plaintiff reincorporates ¶¶ 1-33 as if fully set forth herein.

34.

Defendant is responsible to pay Plaintiff interest for the arrearage under an equitable or legal theory. 29 U.S.C. § 1132 (a)(3).

## COUNT THREE

35.

Plaintiff reincorporates ¶¶ 1-34 as if fully set forth herein.

36.

Defendant is responsible to provide Plaintiff her reasonable attorney fees/costs of litigation pursuant to 29 U.S.C. § 1132 (g)(1).

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A. Payment of all premiums Plaintiff should have received under ERISA, including interest, but for Defendant's wrongful denial;

B. Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which he may be entitled; and

D. All reasonable costs and attorneys' fees pursuant to ERISA.

Respectfully submitted, this 27th day of January, 2020.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

*/s/ Christopher D. Vaughn*_____
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
A. Brian Henson, Esq.
Georgia Bar No. 747269

315 West Ponce de Leon Avenue
Suite 380
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTIRCT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| BRIAN GEORGE,              ) | |
|       PLAINTIFF,     ) | |
| v.                         ) | CIVIL ACTION NO.: |
| ROCKDALE COUNTY BOARD OF   ) | |
| EDUCATION AND ROCKDALE     ) | |
| COUNTY PUBLIC SCHOOLS LONG ) | |
| TERM DISABILITY PLAN,      ) | |
|                            ) | JURY TRIAL REQUESTED |
|       DEFENDANTS.   ) | |
| _____ ) | |

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D**

The undersigned certifies that the foregoing **COMPLAINT** has been prepared using 14-point Times New Roman font in compliance with Local Rule 5.1(C).

Respectfully submitted this 27th day of January, 2020.

                                                    **THE VAUGHN LAW FIRM, LLC**

                                                    */s/ Christopher D. Vaughn*
                                                    Christopher D. Vaughn
                                                    Georgia Bar No. 726226